ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK

JAN 23 2008

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STEVEN R. PICZKUR,

        Plaintiff,

    v.

JOHN E. POTTER, Postmaster General
United States Postal Service,

        Defendant.

Civil Action No.
07-CV-181 (NAM/GJD)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STIPULATION FOR COMPROMISE SETTLEMENT

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff, STEVEN R.

PICZKUR, and the defendant, JOHN E. POTTER, in his official capacity as Postmaster General,

that the above-entitled action, brought pursuant to Rehabilitation Act of 1973, as amended, be

settled and compromised on the following terms and conditions.

    1.    This agreement shall not operate as or constitute, an admission of liability or fault

on the part of either party, or on the part of either party's agents, representatives or employees.

The parties agree that the purpose of entering this agreement is to compromise a disputed claim

and avoid the costs and uncertainties inherent in litigation.

    2.    The parties agree and stipulate to the following:

        A.    Plaintiff will be transferred to a custodial position in the Maintenance

Craft at the Syracuse, New York Processing and Distribution Center, on the 3:00 p.m. to 11:30

p.m. shift with Wednesdays and Thursdays off.

        B.    The effective date of plaintiff's transfer to the Maintenance Craft will be

Stipulation for Compromise Settlement
In Re: Piczkur v. Potter
December 19, 2007
Page 2

on or about January 19, 2008.

       C.     The terms and conditions of plaintiff's employment in this position shall be governed exclusively by applicable collective bargaining agreement and pertinent Postal Service rules and regulations.

       D.     The parties agree that plaintiff's seniority rights, if any, are controlled by the applicable Collective Bargaining Agreement(s) and current Postal Service policy.

       E.     This will be a global settlement of all of the plaintiff's pending complaints of employment discrimination and/or all other potential complaints of employment discrimination which plaintiff could allege having arisen prior to the effective date of this settlement agreement.

       F.     Plaintiff further agrees that, concurrent with his execution of this Agreement, he shall write to the APWU and inform them that if there are any NLRB charges and/or grievances presently pending or being pursued on his behalf (i.e., in which the union has alleged that he has been subjected to an unfair labor practice, or where he is the grievant) which in any way relate to the subject matter of this lawsuit (including but not limited to denials of request(s) to transfer to Maintenance), that he no longer wishes for such charges and/or grievances to be pursued on his behalf. Plaintiff agrees that if the APWU declines his request not to pursue said grievances or NLRB charges, that he will not participate in their further prosecution (including attending and testifying at arbitration) and will not accept any monetary compensation and/or any other relief given to him in any grievance settlement and/or arbitration

2

Stipulation for Compromise Settlement
In Re: Piczkur v. Potter
December 19, 2007
Page 3

award. The parties agree that this request on the part of the plaintiff shall not apply to any class

action grievances pending as of the date of execution of this Agreement. Plaintiff agrees to

furnish defendant with a copy of said letter at the time he executes this Agreement.

      3.      This settlement shall be in full settlement and satisfaction of any and all claims,

demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason

of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries,

damage to property and the consequences thereof, resulting, and to result, from the same subject

matter that gave rise to the above-captioned lawsuit, including any claims for wrongful death, for

which plaintiff or his heirs, executors, administrators, or assigns, and each of them, now have or

may hereafter acquire against the United States Postal Service, its agents, servants, and

employees.

      4.      Plaintiff and his heirs, executors, administrators, or assigns, hereby agree to accept

this settlement in full settlement and satisfaction of any and all claims, demands, rights, and

causes of action of whatsoever kind and nature, arising from, and by reason of any and all known

and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the

consequences thereof which he may have or hereafter acquire against the United States Postal

Service, its agents, servants and employees on account of the same subject matter that gave rise

to the above-captioned lawsuit, including any future claim for wrongful death. Plaintiff and his

heirs, executors, administrators or assigns further agree to indemnify and hold harmless the

United States Postal Service, its agents, servants and employees from any and all such causes of

3

Stipulation for Compromise Settlement
In Re: Piczkur v. Potter
December 19, 2007
Page 4

action , claims, liens, rights or subrogated or contribution interest incident to or resulting from

further litigation or the prosecution of claims by the plaintiff or his heirs, executors,

administrators or assigns against any third-party or against the United States Postal Service,

including claims for wrongful death.

5.      It is also agreed, by and among the parties, that this settlement represents the

entire compromise settlement and the respective parties which each bear their own costs, fees and

expenses, to including attorneys' fees.

6.      In consideration of this settlement as set forth above, plaintiff agrees that he will

execute and file, with the Court, such documents as shall be necessary to cause the above-styled ·

action to be dismissed with prejudice from the docket of the Court.

7.      The parties agree that this Stipulation for Compromise Settlement, including all

the terms and conditions of this compromise settlement and any additional agreements relating

thereto, may be made public in their entirety, and the plaintiff expressly consents to such release

and disclosure pursuant to 5 U.S.C. § 552a(b).

8.      By their signatures hereon, plaintiff, and counsel for plaintiff, certify that Steven

R. Piczkur is neither an infant nor incompetent for whom a guardian has been appointed.


Executed this _16_ day of January , 2008

                                    Stephen R. Piczkur, Plaintiff

Stipulation for Compromise Settlement
In Re: <u>Piczkur v. Potter</u>
December 19, 2007
Page 5

Jonathan Feldman, Esquire
Counsel for Plaintiff
Bar Roll No. 514596
Visiting Professor, Disability Rights Clinic
Syracuse University College of Law
P. O. Box 6543
Syracuse, New York 13244

GLENN T. SUDDABY                          1/22/08
United States Attorney
Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

Stipulation for Compromise Settlement
In Re: Piczkur v. Potter
December 19, 2007
Page 6

By: _____  1/22/08
William F. Larkin
Bar Roll No. 102013
Assistant U. S. Attorney
Attorney for Defendant

**SO ORDERED:**

HON. NORMAN A. MORDUE
Chief United States District Judge

Dated: January 23, 2008
Syracuse, New York

6